IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **FARE TECHNOLOGIES LLC,** )<br>      **Plaintiff,** )<br> )<br>v. )<br> )<br>**LYFT, INC.,** )<br>      **Defendant.** )<br> )<br> )<br> ) | Civil Action No. 6:22-cv-00315-ADA<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

Plaintiff Fare Technologies LLC ("Fare") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of a re-issue patent US RE 46,727 ("the '727 patent") (referred to as the "Patent-in-Suit") by Lyft, Inc. ("Defendant" or "Lyft").

## I.    THE PARTIES

1.   Fare Technologies LLC is a Texas limited liability corporation with its principal place of business located in Austin, Texas.

2.   On information and belief, Lyft, Inc. is a corporation organized and existing under the laws of Delaware, having its principal place of business at 185 Berry Street, San Francisco, California 94107, with regular and established places of business in this district located at 6375 E Hwy US-290, Austin, Texas 78723 and at 8610 Broadway Street, Suite 260, San Antonio, Texas 78217. Lyft is registered to conduct business in Texas.

3.   Lyft, Inc. d/b/a Lyft can be served through its registered agent, The Corporation Trust Company, Corporation Trust Center 1209 Orange St, Wilmington DE 19801, at its place of business, or anywhere ese it may be found.

4. Defendant has regular and established places of business in this district located at 6375 E Hwy US-290, Austin, Texas 78723 and at 8610 Broadway Street, Suite 260, San Antonio, Texas 78217. On information and belief, Defendant sold and offered to sell products and services throughout Texas, including in this judicial district, and introduced products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Texas and this judicial district.

## II.  JURISDICTION AND VENUE

5. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

6. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Texas and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

7. The patent venue statute, 28 U.S.C. § 1400(b), is the "sole and exclusive provision controlling venue in patent infringement actions." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, ––– U.S. ––––, 137 S. Ct. 1514, 1519, 197 L.Ed.2d 816 (2017). Under 28 U.S.C. § 1400(b), there are two possible venues for a patent infringement action. Either: "where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).  Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b).  Defendant has committed acts of infringement and has a regular

and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein;[1] and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas and this District.

8. All steps of a method or process need not have occurred within the forum to establish venue.[2] As identified in the attached claim chart at least a portion of the infringements alleged to have occurred in this district include, for example, determining a starting point for a trip and determining a destination point for the trip (features of claim 7 of the '727 Patent), is infringed by Lyft's Platform. Even "one method step" being committed in the District suffices for the purpose of establishing venue.[3] .[4] Here, the location of where the infringing step occurs is not the location

---

[1] *See Blackbird Techs.*, 2017 WL 4543783, at *4, 2017 U.S. Dist. LEXIS 167860, at *10 (specifically rejecting the Plaintiff's proposition (opposing a § 1404(a) motion) that while "some portion of the accused system is located in the Northern District of California, the data channels connecting the various network elements are found throughout the country," preventing "California [from being] the situs of infringement.").

[2] *See e.g., Seven Networks, LLC v. Google LLC*, 315 F. Supp. 3d 933, 943 (E.D. Tex. 2018); *Blackbird Tech LLC v. Cloudfare, Inc.*, 2017 WL 4543783, at *4 (D. Del. 2017) (mem. op.). Courts have found that if at least one step of the alleged infringement was performed in the district that is sufficient to establish venue. *Seven Networks*, 315 F. Supp. 3d at 944–45.

[3] *See American Eagle Outfitters, Inc.*, 2022 WL 11456095, at *6 (this Court noting that all reasonable disputes with respect to venue challenges are resolved in the non-movant's favor).

[4] In the Western District of Texas, this requirement may be met by practicing at least a step of providing the user at the user device with a screen that includes a buy option, even if the computer servers used to perform the accused methods are physically located outside this district. *Id*. at *6. (In *American Eagle*, Court denied motion to dismiss and held that venue was proper in the Western District of Texas despite the computer servers used to perform the accused e-commerce methods being physically located in Pennsylvania. This Court held that a plaintiff alleging that even "one method step" is committed in the District suffices for the purpose of establish venue. This Court concluded that American Eagle met this requirement by practicing at least the step of "provid[ing] the user at the user device with a screen that includes a buy option" in the Western District of Texas.)

of servers. The location of the infringing activity is the location where, for example, the determining of a starting point for a trip and the determining of a destination point for the trip is made. In this case, this occurs in this District.

### III.   INFRINGEMENT

**A.  Infringement of the '727 Patent**

9. On February 20, 2018, a re-issue patent U.S. Patent No. RE46,727 ("the '727 patent", included as an attachment) entitled "Taxi Trip Meter System With Indication Of Fare And Distance Violations" was duly and legally issued by the U.S. Patent and Trademark Office. Plaintiff owns the '727 patent by assignment.

10. The '727 patent relates to novel and improved systems and methods for supporting taxi trip metering.

11. Defendants maintained, operated, and administered products and services that facilitate taxi trip metering that infringed one or more of claims 1-41 of the '727 patent, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '727 patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

12. Support for the allegations of infringement may be found in the following exemplary table included as Exhibit A. These allegations of infringement are preliminary and are therefore subject to change.

13. Defendant has caused Plaintiff damage by direct infringement of the claims of the '727 patent.

## IV.   JURY DEMAND

Plaintiff hereby requests a trial by jury on issues so triable by right.

## V.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a.  enter judgment that Defendant has infringed the claims of the '727 patent;

b.  award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement, in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c.  award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement; and

d.  award Plaintiff such other and further relief as this Court deems just and proper.

Respectfully submitted,

**Ramey LLP**

/s/ William P. Ramey, III
William P. Ramey, III
Texas Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)

*Attorneys for Fare Technologies LLC*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that all counsel of record who have appeared in this case are being served today, March 13, 2023, with a copy of the foregoing via the Court's CM/ECF system.

<u>/s/ William P. Ramey, III</u>
William P. Ramey, III